**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 10-4919**

---

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

     v.

ADOLFO AMAYA PORTILLO, a/k/a Skyper, a/k/a Skipper, a/k/a Napa, a/k/a Pana,

              Defendant – Appellant.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.   Anthony John Trenga, District Judge. (1:09-cr-00463-AJT-3)

---

Submitted:  April 28, 2011         Decided:  May 2, 2011

---

Before DAVIS, KEENAN, and WYNN, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

John C. Kiyonaga, JOHN C. KIYONAGA LAW OFFICE, Alexandria, Virginia; Lana M. Manitta, RICH, ROSENTHAL, BRINCEFIELD, MANITTA, DZUBIN & KROEGER, LLP, Alexandria, Virginia, for Appellant.  Neil H. MacBride, United States Attorney, Morris R. Parker, Jr., Assistant United States Attorney, Alexandria, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Adolfo Amaya Portillo pled guilty without a plea agreement to using a firearm during a crime of violence causing death, in violation of 18 U.S.C. § 924(c)(1)(A), (j) (2006). He was sentenced below the Sentencing Guidelines range to 480 months' imprisonment. On appeal, he argues that the district court erred in assessing a two-level enhancement to his offense level for an aggravating role in the offense, U.S. Sentencing Guidelines Manual § 3B1.1(c) (2009), and that the court failed to take into account certain mitigating factors in its consideration of the 18 U.S.C. § 3553(a) (2006) factors. We affirm.

We review Portillo's sentence under a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51, (2007). "The first step in this review requires us to ensure that the district court committed no significant procedural error, such as improperly calculating the Guidelines range." United States v. Osborne, 514 F.3d 377, 387 (4th Cir. 2008) (internal quotation marks, citations and alterations omitted). We then consider the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." Gall, 552 U.S. at 51.

Portillo first claims that the district court erred in assessing a two-level enhancement based on its finding that

Portillo was "an organizer, leader, manager, or supervisor" in the subject offense. See USSG § 3B1.1(c). In assessing whether the district court properly applied the Guidelines, we review the court's factual findings for clear error and its legal conclusions de novo. Osborne, 514 F.3d at 387. "The court's ruling regarding a role adjustment is a factual determination reviewed for clear error." United States v. Kellam, 568 F.3d 125, 147-48 (4th Cir.), cert. denied, 130 S. Ct. 657 (2009). Reversal for clear error is warranted only where this court is left with the "definite and firm conviction that a mistake has been committed." United States v. Harvey, 532 F.3d 326, 337 (4th Cir. 2008) (internal quotation marks omitted). After reviewing the record, we conclude that the district court did not err in applying the USSG § 3B1.1 enhancement.

Portillo next argues that the district court erred by imposing a sentence that was substantively unreasonable. Specifically, he claims that the court gave insufficient consideration to certain mitigating factors, namely his history, as required under 18 U.S.C. § 3553(a)(1). Portillo's claim is belied by the record. The district court adequately addressed the factors Portillo proffered in mitigation, granted a downward variance from the Guidelines range, and provided a detailed explanation for the chosen sentence. We conclude Portillo's sentence was reasonable.

We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>